DOWELL ET AL. *v.* O'BRIEN ET AL.

[No. 95, October Term, 1951.]

*Decided February 8, 1952.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

Submitted on brief by *J. Wilmer Johnson* for the appellants.

Submitted on brief by *William Meverell Loker, W. M. Loker, Jr.,* and *David A. Harkness* for the appellees.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a summary judgment in an action on a confessed judgment note. Defendants moved to set aside a judgment by confession for two reasons, one that the note "was given for promotion of a gambling enterprise which is against public policy, and renders said note void". In a supporting affidavit defendants said that a building was to be constructed by defendants for use of plaintiffs "for the purpose of operation of a house for gambling, * * * that such enterprise was unlawful and against public policy". Plaintiffs demurred to the motion, the demurrer was overruled and the judgment was opened for trial and the lien preserved. Defendants filed the general issue pleas and later a "set-off and counter-claim" for $4,000, expended by defendants, over and above $1,000 advanced by plaintiffs, on construction; it was alleged that plain-

tiffs were to advance all money necessary to complete the construction to plaintiffs' specifications, defendants were to lease the place constructed to plaintiffs and to repay advances out of rent, defendants began construction, plaintiffs went into possession and later abandoned possession, and defendants had no profitable use for the premises. Plaintiffs demurred to the "set-off and counter-claim". The case was removed from Calvert County to Prince George's County. Before the confessed judgment was opened plaintiffs filed a motion for summary judgment, upon which no action was taken. After removal plaintiffs filed another motion for summary judgment, to which defendants filed a "demurrer". The demurrer was overruled and the motion granted. No affidavits were filed in support of or in opposition to the motion for summary judgment, but the affidavit on which the confessed judgment had been opened was in the record.

The proceedings in defense of this case are crude and informal. Whether, at the hearing on the motion for summary judgment, the affidavit in support of the motion to open the confessed judgment was ignored or was held inadequate, after it had been held sufficient to open the judgment, the record does not show. As the case was submitted on briefs, we had no opportunity to ask enlightenment by counsel. Summary judgment is not a formal, technical proceeding. We think the affidavit should not be ignored. Apparently counsel regard the allegations of fact in the affidavit and the unsworn "set-off and counter-claim" as before this court, undisputed, and therefore as having been before the lower court. Plaintiffs say in their brief they "believe that the status of the pleadings in the case is tantamount to a concession by all parties that the contract was a gambling contract. * * * It may well be that these parties are *in pari delicto*." In both briefs the question of illegality of the contract is discussed, as practically the only question before the court. In a suit on an illegal contract, it has been held that, a verdict may be directed for the defendant on the plaintiff's opening statement. *Oscanyan v. Arms Co.*,

103 U. S. 261, 263-269, 26 L. Ed. 539. On motion for summary judgment on the crude proceedings in the instant case, we think similar action may be taken.

Plaintiffs contend that they "are not seeking to enforce the contract which was entered into to violate the gambling laws of this State"; they "seek to recover back what they have paid out (*i.e.,* lost) in the gambling venture in disaffirmance of the contract and in abrogation thereof while the same was executory". They rely on *Harrington v. Boschenski,* 140 Md. 24, 30-31, 116 A. 836, in which the plaintiff was permitted to recover from a bootlegger the price paid for liquor yet to be delivered, *i.e.,* while the contract was still executory. The principle of *Harrington v. Boschenski* is of limited application; it is not applicable in the instant case. In the instant case the unlawful contract is no more executory than an unlawful sale of liquor, delivered and consumed, in which only the unpaid bill is "executory". The contract to construct a place to be used as an unlawful gambling establishment has been performed, in part at least, and the money advanced has been applied to the unlawful purpose. The contract was not (as plaintiffs say) "a gambling contract", but an unlawful contract to construct a place to be used as a gambling establishment.

The note now in suit represents an advance or loan made to be applied to an unlawful purpose, known to all the parties. In these circumstances the loan cannot be recovered. *Maryland Trust Co. v. Mechanics Bank,* 102 Md. 608, 631-632, 63 A. 70; *Burke v. Smith,* 111 Md. 624, 628, 75 A. 114. The judgment must be reversed and summary judgment entered for defendants, and for the cross-defendants on the "set-off and counter-claim". *Summary Judgment Rule* 4(a).

> *Judgment reversed, with costs, and summary judgment entered for defendants, and for the cross-defendants on the "set-off and counter-claim".*